APPEAL NO. 16-1423

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

MICHELE BURKE CRADDOCK,

*Appellant*,

v.

LECLAIRRYAN, A PROFESSIONAL CORPORATION,

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

District Court Case No. 3:16-CV-11

## MOTION TO DISMISS APPEAL FOR LACK OF
## JURISDICTION

Pursuant to Fed. R. App. P. 27 and Local Rule 27(f), LeClairRyan, a Professional Corporation ("Appellee"), by and through its undersigned counsel, moves to dismiss the appeal filed by Michele Burke Craddock ("Appellant") for lack of jurisdiction.  The Order of the U.S. District Court for the Eastern District of Virginia ("District Court") from which Appellant appeals is not a final order, and there is no other basis for this Court to exercise jurisdiction.

In accordance with Local Rule 27(a), Appellee certifies that, on May 3, 2016, its counsel conferred with Appellant's counsel regarding Appellee's intent to file the present Motion to Dismiss.  Appellant opposes the granting of the Motion and intends to file a response.

## I.       INTRODUCTION AND SUMMARY

Appellant has no right to file this appeal now.

This matter purports to be an appeal from the district court's order compelling arbitration. The Federal Arbitration Act ("FAA") allows a party immediately to appeal interlocutory orders denying arbitration, but does not authorize the interlocutory appeal of an order compelling arbitration unless the order otherwise constitutes a "final decision."  Here, there is no final decision.  Although the District Court granted Appellee's Motion to Dismiss and to Compel Arbitration, the court did not dismiss Appellant's Complaint.  To the contrary, the District court's Memorandum Opinion explicitly states that the FAA's mechanism for enforcing an arbitration agreement is to compel arbitration and stay the litigation.  This Court lacks jurisdiction; Appellant cannot appeal the District Court's decision at this time, and this appeal should be dismissed.

## II.      RELEVANT PROCEDURAL POSTURE

On January 6, 2016, Appellant filed her Complaint with the District Court.  At that time, Appellee had already filed an arbitration demand with the American Arbitration Association

("AAA"), comprehending the dispute between the parties. On the day following the submission of her Complaint, Appellant filed her Motion to Stay Arbitration, asking the district court to stay the AAA proceeding. (Appellant previously requested that the AAA itself stay that matter; the Association declined to do so.) On January 14, 2016, Appellee accepted service of the Complaint and subsequently filed its Motion to Dismiss and to Compel Arbitration ("Motion") with the District Court on January 22, 2016. In its Motion, Appellee asked the District Court "to dismiss the Complaint . . . on the grounds that this Court lacks subject matter jurisdiction . . . due to the parties' agreement to arbitrate all disputes between them or, alternatively, to stay proceedings in this matter and compel Plaintiff to arbitrate the claims contained in her Complaint as agreed to by the parties."

After the parties' respective motions were fully briefed, the District Court entered its Order of April 12, 2016, stating "[f]or the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that the plaintiff's MOTION TO STAY ARBITRATION . . . is denied and the defendant's MOTION TO DISMISS AND TO COMPEL ARBITRATION . . . is granted." *See* Ex. A, Order of April 12, 2016. The Order did not state that the civil action was dismissed, and no judgment has been entered. The District Court's Order was accompanied by its Memorandum Opinion, also issued on April 12th, setting forth the reasons for the District Court's decision to compel arbitration of Appellant's claims. *See* Ex. B, Memorandum Opinion.

Appellant filed a Notice of Appeal on April 13, 2016. However, for the reasons discussed below, the District Court's Order is not a final decision, and nothing in the FAA allows for an interlocutory appeal of a decision compelling arbitration. Therefore, this Court lacks jurisdiction over the appeal and should dismiss it.

### III.    ARGUMENT

"[Section] 16 [of the FAA] generally permits immediate appeal of orders hostile to arbitration, whether the orders are final or interlocutory, but bars appeal of interlocutory orders favorable to arbitration."  *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86 (2000).  In fact, the FAA provides, in relevant part, that:

> An appeal may be taken from . . . an order . . . refusing a stay of any action under section 3 of this title [9 USCS § 3] [or] denying a petition under section 4 of this title [9 USCS § 4] to order arbitration to proceed, . . .  an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).  However, "an appeal generally 'may not be taken from an interlocutory order . . . granting a stay of any action' referred to arbitration or 'directing arbitration to proceed.'" *Bentaous v. Asset Acceptance, LLC*, 614 Fed. Appx. 669 (4th Cir. 2015); *see also,* 9 U.S.C. § 16(b).  As this Court has explained, "while we have jurisdiction to consider an appeal from an interlocutory order *denying* a motion to compel arbitration, we generally do not have jurisdiction over an interlocutory order *compelling* arbitration or directing arbitration to proceed."  *In re: Pisgah Contractors, Inc.*, 117 F.3d 133, 135 (4th Cir. 1997) (emphasis in original).

As an exception to this narrow principle, the FAA recognizes that an appeal may be taken from an order compelling arbitration where that order is otherwise final and appealable under ordinary principles of law.  See 9 U.S.C. § 16(a).  A "final decision" for purposes of appeal under § 16 is "one that 'ends the litigation on the merits and leaves nothing more for a court to do but execute the judgment.'"  *Bentaous*, 614 Fed. Appx. at 669 (quoting *Green Tree*, 531 U.S. at 86).  Thus, where a district court orders arbitration and dismisses the case, the order is final and appealable.  However, when the district court compels arbitration and stays the matter, the order is not appealable.  *Id.*; *see also, Green Tree*, 531 U.S. at 86, 87 n.2 (explaining that order

4

compelling arbitration was appealable because district court dismissed the action with prejudice, but that, if the district court had entered a stay of proceedings, the order would not be appealable).

In this case, the District Court's Order is not a final, appealable order. In its Motion to Dismiss and to Compel Arbitration, Appellee asked the District Court for one of two alternative rulings – compel arbitration and dismiss the case or compel arbitration and stay the case. The District Court's Order clearly states that Appellee's Motion to Dismiss and Compel Arbitration is granted. But, the Order does <u>not</u> state that Appellant's claims are dismissed. If any ambiguity existed, the District Court's Memorandum Opinion dispels it: "[i]f a valid agreement to arbitrate exists, 'Sections 3 and 4 [of the FAA] 'provide [] two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4.'" *See* Ex. B, Memorandum Opinion at p. 10. The District Court makes no mention of enforcing its order to compel arbitration by dismissal of the action. In fact, nowhere in its Memorandum Opinion does the District Court discuss the option of dismissal, much less explicitly state that it was dismissing Appellant's claims. *See* Ex. B, Memorandum Opinion. It is clear from the District Court's Order and Memorandum Opinion that the District Court compelled arbitration and stayed the district court proceedings.[1]

---

[1] If the District Court actually dismissed the case, Appellant's motion to stay the arbitration would have been dismissed as moot rather than denied, as it was. If this Court is uncertain about the District Court's lack of dismissal of Appellant's Complaint, the Court may request the District Court for clarification of its ruling.

The electronic notices forwarding the District Court's Order and Memorandum Opinion included the following notation: "WARNING: CASE CLOSED on 4/12/2016." However, this notation does not indicate that the District Court dismissed Appellant's Complaint; it simply states that the case is "closed." For example, in *Masilotti v. Citigroup Mortgage, Inc.*, 580 Fed. Appx 169, 169-70 (4th Cir. 2014), this Court considered an appeal of a decision compelling arbitration and staying the litigation proceedings in which the district court also directed that the case be administratively closed. In that situation, this Court held that "[t]he fact that the district court directs that the case be administratively closed does not render the order final and appealable." *Id.*

While perhaps not as explicit as the order in *Masilotti*, the District Court's Order and Memorandum Opinion are clear that the District Court only stayed the court proceedings while the required arbitration took place. Therefore, the District Court's notation on its electronic notices and docket that the case is "closed" is nothing more than the District Court's acknowledgment that the case is administratively closed. This Court has made clear that administratively closing a case, especially when compelling arbitration, is not relevant to a determination whether a decision is final and appealable. *See Masilotti*, 580 Fed. Appx. at 169-70. As this Court has explained, "an otherwise non-final order does not become final because the district court administratively closed the case after issuing the order. A reviewing court must consider whether an order is final and appealable without regard to the existence of the administrative closure." *Penn-America Ins. Co. v. Mapp*, 521 F.3d 290, 295 (4th Cir. 2008).

## IV.    CONCLUSION

This Court lacks jurisdiction to consider Appellant's pending appeal. For the reasons discussed above, the District Court did not enter a final, appealable order. Instead, the District Court invoked the "two parallel devices for enforcing an arbitration agreement" by compelling

Appellant to arbitrate her claims and staying the litigation.  Therefore, the present appeal should

be dismissed.

Respectfully submitted,

**LECLAIRRYAN, A PROFESSIONAL CORPORATION**


By:  /s/ Randy C. Sparks, Jr.            .

John M. Bredehoft (VSB No. 33602)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile:  (888) 360-9092
Email:  jmbredehoft@kaufcan.com

Randy C. Sparks, Jr. (VSB No. 40723)
KAUFMAN & CANOLES, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, VA 23129
Telephone:  (804) 771-5700
Facsimile:  (888) 360-9092
E-mail:  rcsparks@kaufcan.com

*Counsel for Appellee LeClairRyan, a Professional Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of May, 2016, a true copy of the foregoing MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION was electronically filed with the Clerk of Court, which will send a notification of such filing to the following:

Harris D. Butler, III, Esquire
Paul M. Falabella, Esquire
BUTLER ROYALS, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
*Counsel for Appellant*

                                                  /s/ Randy C. Sparks, Jr.
                                     Randy C. Sparks, Jr.
                                     Virginia Bar No. 40723
                                     KAUFMAN & CANOLES, P.C.
                                     Two James Center
                                     1021 East Cary Street, Suite 1400
                                     Richmond, Virginia 23219
                                     Telephone:  (804) 771-5700
                                     Facsimile:  (804) 771-5777
                                     E-mail:  rcsparks@kaufcan.com
                                     *Counsel for Appellee LeClairRyan, a*
                                     *Professional Corporation*

8